[No. 4,244.]

## JOHN C. WINANS v. F. A. HASSEY.

EVIDENCE OF CUSTOM AMONG BROKERS.—In an action brought to recover a sum of money alleged to be due as the first payment or margin on a written contract for the sale of stock by a member of a Board of Brokers, to be delivered to the buyer in thirty days, if the contract acknowledges the receipt of such first payment, the plaintiff may give evidence of what the custom of the Board of Brokers was with regard to making

and delivering such contracts, for the purpose of accounting for the delivery of the contract without receiving the money.

RECEIPT ONLY PRIMA FACIE EVIDENCE OF PAYMENT.—A receipt in a broker's contract for the sale of stock, acknowledging the receipt of the first payment or the margin on the contract, is only *prima facie* evidence of the payment of the money, and may be explained by parol testimony.

JUDGMENT IN GOLD COIN.—If the complaint alleges that the contract sued on called for payment in gold coin, and the answer admits it, the plaintiff, if he recovers, is entitled to a judgment payable in gold coin, and the verdict of the jury need not specify the kind of currency or money to be recovered.

OBJECTION TO TESTIMONY.—An objection to testimony should specify the grounds of the objection.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff alleged in his complaint that on the 26th of October, 1871, he sold the defendant one hundred and fifty shares of the stock of the Eureka Consolidated Mining Company, for four thousand five hundred dollars, to be paid in United States gold coin, of which sum nine hundred dollars was to be paid on the receipt of a contract, and the balance on delivery of the stock, which was to be delivered at any time thereafter, within thirty days, at the demand of the defendant. That the plaintiff then executed and delivered to the defendant a contract in writing expressing the terms of the agreement on his part; and the defendant executed and delivered to the plaintiff a contract in writing expressing also the terms of the agreement on his part. That the contract drawn up and signed by the plaintiff contained an acknowledgment that the margin of nine hundred dollars had been paid; but that, by mistake, it was delivered without receiving the said nine hundred dollars, and that the defendant afterwards paid all due on the contract, except the nine hundred dollars; and the plaintiff, before he discovered the mistake, delivered the defendant the stock. That the plaintiff afterwards discovered the mistake, and demanded the nine hundred dollars, but the defendant refused to pay it. The answer admitted the contract, but denied the allegation that the nine hundred dollars had not

been paid. The trial was before a jury. The plaintiff offered in evidence the following contract:

### Broker's Contract.

| | |
|---|---|
| "Amount......................................... | $4,500 |
| "Deposit...................................... | 900 |
| "Balance...................................... | $3,600 |

"SAN FRANCISCO, October 26, 1871.

"I have this day sold to F. A. Hassey one hundred and fifty shares Eureka Consolidated Mining Company's Stock, for the sum of forty-five hundred dollars, payable in United States gold coin, and deliverable at the buyer's option within thirty days from date hereof. For the due fulfillment of this contract I have received on account, as part payment, the sum of nine hundred dollars ($900), the receipt of which is hereby acknowledged, and upon further payment of the balance due I agree to transfer to F. A. Hassey, or to his order, the above-mentioned stock in accordance with the terms of this contract.

"N. B. All unmentioned points in this contract subject to the rules of the San Francisco Stock and Exchange Board.

"(Signed.) J. C. WINANS. [SEAL.]"

He then proved that both parties were members of the Board of Brokers, in San Francisco; and that the sale was made in the Board. The plaintiff's counsel then offered to prove by him, the custom of brokers, with regard to making and delivering such contracts, for the purpose of explaining how the contract came to be delivered without the payment of the nine hundred dollars. The defendant objected as irrelevant, but the Court overruled the objection. The plaintiff then testified that the custom, after such a sale, was to make a contract and duplicate, describing the transaction; the seller then to sign one, and the buyer the other, and the contracts and stock were then placed in the bank, and the bank then wrote on the back of the buyer's contract a certificate, stating the number of shares of stock that

were deposited, and delivered it to him. That upon such delivery the nine hundred dollars should have been collected, but it was not done. The defendant also objected to any evidence contradicting the acknowledgment of a receipt of the money contained in the contract, but the Court overruled the objection. The jury returned a verdict for the plaintiff, but did not specify in what kind of money it should be paid. The Court rendered judgment for the plaintiff in gold coin. The defendant appealed.

*G. F. & W. H. Sharp*, for the Appellant.

*J. W. Winans*, for the Respondent.

By the Court, NILES, J.:

1. The receipt written in the contract was only *prima facie* evidence of the payment of the money. It was competent for the plaintiff to prove the habitual course of dealing among members of the Board of Brokers in transactions like the one in question, as tending in some degree to account for the delivery of the contract to the defendant, although the first payment had not been actually made.

2. It was alleged in the complaint, and admitted by the answer, that the contract called for payment in gold coin, and judgment was properly so rendered. It is not required that the verdict in such case should specify the kind of currency or money to be recovered.

3. Several exceptions were taken to the admission of evidence, which cannot be considered here, as no specific ground of objection was stated at the trial.

We see no substantial error in any ruling of the Court. Judgment and order affirmed.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.