[No. 9884. In Bank. — December 15, 1887.]

# GEORGE STEELE, RESPONDENT, *v.* PACIFIC COAST RAILWAY COMPANY, APPELLANT.

NEGLIGENCE — RAILROAD — ESCAPING FIRE — INSTRUCTIONS — EVIDENCE OF SIMILAR FIRES. — In an action to recover for damages caused by a fire alleged to have been occasioned through the negligence of a railroad company in emitting sparks from one of its locomotives, the court instructed the jury that in determining the question of negligence, they might consider the fact that the defendant's engines had dropped fire at other times before or after the occurrence of the fire complained of. The defendant objected to the instruction, on the ground that it was not limited as to time, place, or to the particular engine. *Held,* that the instruction was proper, and that any objection on account of the remoteness of the other fires should have been made at the time of the introduction of the evidence.

ID. — SEVERAL ACTS OF NEGLIGENCE. — In an action to recover for damages caused by a fire alleged to have been occasioned through the negligence of a railroad company in allowing sparks to issue from a locomotive, and through its negligence in allowing dry grass to remain upon its right of way, an instruction that the plaintiff could not recover if the defendant was not negligent in allowing the sparks to escape, but which ignores all reference to its negligence in allowing the dry grass to remain on its right of way, is properly refused.

ID. — OBJECTION TO QUESTION MUST BE SPECIFIC. — In such an action, an objection to a question asked a witness in reference to other similar fires on the defendant's road, on the ground that it was not limited to some recent period, should specify the particular ground of the objection. An objection that the question was "irrelevant and immaterial" is insufficient.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*R. B. Treat,* and *J. M. Wilcoxon,* for Appellant.

*V. A. Gregg, F. Adams,* and *Thomas Rhodes,* for Respondent.

SEARLS, C. J. — Action to recover of defendant the value of a lot of hay and grain destroyed by fire on

August 7, 1884, claimed to have been set on fire by the negligence of the defendant in using its railroad locomotive, and in allowing dry grass and inflammable materials to accumulate along its right of way. Judgment passed for plaintiff, from which, and from an order denying it a new trial, defendant appeals.

At the trial there was evidence tending to prove that defendant was a corporation, authorized to run and operate a railroad, and lawfully engaged in that occupation, and was such at all times mentioned in the complaint; that David Howell, on or about the seventh day of August, 1884, was the owner and possessed of a stack of unthrashed wheat in said county, adjoining the right of way of the railroad of defendant in the field; that the stubble from which said grain was cut was continuous upon the soil of said field from the stack of wheat to the right of way of defendant's railroad, as were grasses and weeds also, that were then dry and capable of communicating fire; that defendant had, before August 7, 1884, permitted wild oats, weeds, squirrelgrass, and other grasses, to become dry and inflammable on its right of way, continuous between its track and the field of Howell adjoining, and had cut the same, and had placed it in small bundles, or cocks, on its right of way, and near the fence inclosing the field upon which said stack of wheat then was, and had allowed it to remain there three or four weeks prior to the fire; that defendant caused a swath of said wild oats, etc., to be cut and left lying close up to its track, and adjacent to the ends of the ties upon which its rails were laid, and that it had become dry and inflammable; that the stubble from which said wild oats, etc., on said right of way had been cut was left standing, and had, at the date last set forth, and for some time prior thereto, become dry and inflammable; that said stack of wheat had been cut and placed in the field about three weeks prior to August 7, 1884; that defendant had, on at least two different times prior

to August 7, 1884, and in that year, attempted to burn the grass, weeds, etc., cut and lying upon its right of way, but was unable to do so because of the dampness of the same; that where the right of way of the defendant adjoins the field of said Howell, as aforesaid, during all the year, from about April 1st to about December 1st of each year, the prevailing winds are from the southwest and west, the track of defendant running nearly east and west at that point; that by reason of the lay of the country in that vicinity the winds generally blow very hard each day, between the dates aforesaid, between the hours of about 10 A. M. and sundown, but the weather was calm at this point for about a week prior to August 7, 1884; that in the mornings of nearly each day prior to the 5th of August, 1884, fogs were prevailing in that vicinity; that in the mornings between the dates when said grass, etc., was cut on the defendant's right of way, as set forth, and August 5, 1884, the said grasses, etc., were too wet to burn, and later in the day the winds prevailed to such an extent as to render it hazardous to burn the same without danger of the fire escaping and getting beyond the control of the persons having charge of the same, and into the fields adjoining the right of way; that during the summer season of the year 1884 defendant caused a great portion of its right of way in other localities, but not in this, to be burned over, and most of the inflammable vegetation removed therefrom, employing servants for that purpose especially, expending thereabout money to the amount of three thousand dollars or thereabout; that defendant's track, where it adjoined said Howell's field, is on an up grade, going southeasterly, of about ninety to one hundred feet to the mile; that locomotives emit more sparks and drop more fire going up grades than on levels or down grades; that a fire originated on August 7, 1884, on defendant's right of way, between the track and the fence inclosing Howell's said field; that said fire spread

to, and was communicated by vegetation in a dry state to, the field of said Howell, and thence across the same to his said stack of wheat, and the same was destroyed by fire, said stack being about two hundred feet from defendant's right of way; that from thence the fire was communicated to a field belonging to plaintiff, upon which was stubble and weeds in a dry state, and destroyed a lot of hay lying in said field; that said hay had been cut by plaintiff, and allowed to remain in his field, adjoining the field of said Howell, in cocks, since the month of May, 1884; that some rain fell in June and July of the year 1884 at this point; that within five minutes prior to the said fire the passenger train of defendant passed on its right of way, using fire on the locomotive thereof, and ascending the grade, hauling seven loaded cars, the locomotive pulling said train being No. 2, and graded at that amount of cars for its load; that said engine No. 2 had on several occasions emitted fire prior to August 7, 1884, and was the worst engine belonging to defendant, and used on its road, to emit sparks and fire; that on said August 7, 1884, said engine was run by a competent and careful engineer in charge thereof, and was provided with the most approved appliances to arrest and prevent the escape of fire, in both its stack and ash-pan; that all the appliances upon said engine were at that time in good condition; that an examination of the condition of the engine aforesaid was made on the same day said fire occurred, and within an hour thereafter, and its machinery and appliances for the prevention of the escape of fire from it were found to be in good condition; that said engine was, on said August 7, 1884, provided with the best appliances made use of on other roads in this state for the prevention of the escape of fire therefrom; that in going up said grade by the engines of defendant fire had been seen to escape from them prior to August 7, 1884; that the hay in plaintiff's field had been allowed

to become dry and inflammable; that said Howell knew of the condition of the right of way of defendant, and the lay of the land adjoining his said field, and the prevailing course of the winds during the year 1884, and prior to August 7, 1884; that no fire had ever been communicated to the fields along the line of defendant's right of way in the vicinity of the one above set forth during the year 1884; that no fire had ever been communicated or originated along the defendant's right of way from any of its locomotives for a period of about two years, except once during that period, to wit, about two years since, when it burned a field adjoining the field of Howell; that on said August 7, 1884, said engine No. 2 was being carefully and skillfully managed by the engineer thereof; that neither Howell nor plaintiff, in the year 1884, prior to August 7, 1884, and after they had harvested their said crop, ever dug up the soil or removed the vegetation therefrom on their lands, or took any other precaution or measures on their land, to prevent the communication of fire to their fields from the right of way of defendant, except to notify an employee of defendant of the danger, which they did some three or four weeks before the seventh day of August; that the engines of defendant, run on its road in the month of August, 1884, were all supplied with the same appliances to prevent the escape or dropping of fire as said engine No. 2; that said Howell assigned his claim against the defendant, prior to the commencement of this action, to the plaintiff.

Defendant assigns the giving of the fourth instruction by the court as error.

It is as follows: "If you find from the evidence that defendant's engines emitted or dropped fire at other times before or after the occurrence of this fire alleged in the complaint, these will be circumstances or facts to be considered and weighed by you in determining the question of whether the fire was dropped or emitted

by the engine by the negligence or carelessness of defendant."

The objection urged against the instruction is, that it is not limited as to time, place, or the particular engine by which the fire in question may be supposed to have been communicated.

The limitations which appellant claims should have been included in the instruction, it seems to us, are those which are to be applied to the introduction of testimony on the subject, and were not necessary to an instruction. The jury could only know that defendant's engines had "emitted or dropped fire at other times before or after the occurrence of this fire" from the evidence, and whatever range was proper on that subject in admitting evidence was a question to be determined when the testimony·was offered.

It has been held in this state in like cases that testimony of like character is admissible. This being so, the instruction is proper.

As to the proximity of time and place to which the proofs must be confined, questions must arise which can only be determined in view of the circumstances as the testimony is offered.

The court gave the fourth instruction asked by defendant, but added to it a modification, to which defendant excepted.

The instruction as given is as follows, the portion in brackets being the modification as added by the court:—

"If you believe from the evidence that the damages claimed by the plaintiff, if any has been sustained, were caused by fire escaping from defendant's engine, and find further that the engine was in good order, properly constructed, and supplied with the best appliances in use to prevent the escape of fire, then the defendant was not guilty of negligence in such escape of the fire, and is not liable for the escape of the fire, unless it escaped through the negligence of the agents or servants of the

defendant in managing or running the engine machinery. [But this instruction applies only to negligence by the escape of fire from the engine, and not to negligence—if such there was—in maintaining, suffering, or permitting dry grass or hay, or other inflammable substance, to remain on its track or right of way, if it did so.]"

A reference to the complaint will show that plaintiff counted upon two separate acts of negligence on the part of defendant, viz.: 1. Its negligence in conducting and running its engine, whereby the fire escaped therefrom, and caused the injury complained of; and 2. Negligence of defendant in cutting and leaving upon the ground, upon its right of way, near and against its railroad track, the dry and inflammable grass, weeds, wild oats, etc., which had grown on said right of way, whereby the fire from its engine was communicated to such dry materials, and thence to plaintiff's property, etc.

From this it will be seen that defendant may have exercised due care and caution in the construction and management of its engine, so that no liability would attach to it on account of fire escaping therefrom, and yet have been guilty of such negligence in leaving its right of way so encumbered with inflammable material as to render it liable.

It was in view of this dual question of negligence that the court added, and as we think properly, the portion of the instruction in brackets.

The fifth instruction asked by defendant was properly refused, for a like reason. It limited defendant's liability to negligence in the construction or management of its engine, and wholly ignored the question of negligence in leaving material adjoining its road.

There was no sufficient evidence of contributory negligence on the part of plaintiff to call for the instruction asked on that point by defendant.

Plaintiff and his grantor had a right to cut, harvest,

stack, and retain their hay and wheat upon their own land, in the usual and customary manner, during the summer season, without being amenable to the charge of negligence for so doing; nor were they bound to plow, remove, or segregate the stubble left upon their land after gathering their crops, to avoid a like implication.

The instructions given by the court on behalf of plaintiff and defendant stated the law of the case clearly and properly.

The only other question necessary to be considered relates to the admission of testimony.

A witness for plaintiff was asked as follows:—

Question: " Do you know of any fire occurring upon the right of way of this defendant subsequent to the fire you have spoken of, and prior to the one that occurred that destroyed that stack?"

To which the defendant objected, on the grounds that it was irrelevant and immaterial, and being too remote. The court overruled the objection, and permitted the witness to answer the question, to which ruling of the court the defendant then and there duly excepted, and the witness answered as follows:—

Answer: "About two years before this fire of mine there was a fire broke out on the place adjoining me, a little west — before the fire of the 7th of August — burned quite a large country."

The testimony given at the trial is not set out in the transcript. It is apparent, however, from the tenor of the above question, that the witness had already spoken of a fire upon defendant's right of way prior to the one in question in this action.

To this question or the answer thereto, no objection is apparent.

He is then asked as to his knowledge of other fires subsequent to the one spoken of, and prior to the one under consideration.

If the question was open to objection, it was because

the time was not limited to some recent period.  Had the answer shown a knowledge of other fires within a day or two of the one in question, manifestly under our decisions, and upon the weight of authority, it would have been proper.  (*Henry* v. *S. P. R. R. Co.*, 50 Cal. 176; *Butcher* v. *Vaca Valley R. R. Co.*, 67 Cal. 518; *Field* v. *N. Y. C. R. R. Co.*, 32 N. Y. 339; *Sheldon* v. *Hudson R. R. R.*, 14 N. Y. 218; Shearman and Redfield on Negligence, 333; *Gandy* v. *Chicago & N. W. R. R. Co.*, 30 Iowa, 422; 6 Am. Rep. 682.)

The objection that the question was "irrelevant and immaterial" was too general.  It did not call the attention of the court to the point that the question, although proper within a limited range, was too broad in its scope, and might call for an answer covering too remote a period.

An objection to testimony should specify the grounds of the objection.  (*Winans* v. *Hassey*, 48 Cal. 634; *Satterlee* v. *Bliss*, 36 Cal. 489.)

Had a motion been made to strike out the answer, perhaps it should have been granted as being too remote, but none was made.

The judgment and order appealed from are affirmed.

SHARPSTEIN, J., McFARLAND, J., TEMPLE, J., McKINSTRY, J., PATERSON, J., and THORNTON, J., concurred.