Filed Oct. 11, 1892.

---

No. 15,737.

SCHMIDT ET AL. *v.* PACKARD, ADMINISTRATOR, ET AL.

EVIDENCE.—*Action upon Note.*—*Inadmissibility of Self-Serving Declarations.*—Where in an action on certain notes by the administrator of the payee the decedent's brother filed a cross-complaint, alleging that the notes in suit had been endorsed to himself by the deceased in his lifetime for the benefit of his sons, and claiming the ownership of the notes, declarations made by the deceased in his brother's absence, two or three years after the endorsement was made, that he had not the notes with him, but had left them with his sister, and that he had at some time had trouble with his brother, were self-serving declarations, and not admissible in evidence. So, also, were declarations made by the deceased about the time of the sale of the land in payment of which the notes were executed to him, that he intended to pay no more taxes after the sale of his land.

SAME.—*Similar Contemporaneous Acts.*—*Admissibility of.*—Evidence that on the same day the endorsements were made on the notes in suit similar

endorsements were made on certain of the other notes of the deceased, and that he retained possession of these notes and collected them at or after maturity, was admissible, as it had a tendency to show that the endorsements that day made were not made with the intention of transferring the notes to his brother, but for some other purpose.

SAME.—Facts, though not in issue, which are so connected with a fact in issue as to form a part of the same transaction or subject-matter, are relevant to the fact with which they are connected; or when they are the effect of the same cause, or show the existence of a particular course of business, or the intention with which a contemporaneous act was done.

From the Whitley Circuit Court.

*H. S. Biggs,* for appellants.

*A. C. Capron, O. M. Packard* and *C. F. Drummond,* for appellees.

MILLER, J.—The appellee, as administrator of the estate of Charles Schmidt, brought this suit against Joel Long and wife, on two promissory notes, and for the foreclosure of a mortgage.

It was averred in the complaint that the notes and mortgage had been lost, or were wrongfully in the possession of the appellant Henry L. Schmidt, who with his co-defendants, Henry Schmidt, William Schmidt and Walter Schmidt, wrongfully and fraudulently set up an unfounded claim of ownership of the notes.

The defendants Henry L., Henry, William and Walter Schmidt, appeared to the action and filed their cross-complaint, claiming that the decedent, Charles Schmidt, in his lifetime, for a valuable consideration, endorsed the notes to said Henry L. Schmidt for the benefit of his sons, Henry, William and Walter Schmidt, and asking that the mortgage be foreclosed upon their cross-complaint.

The appellee Long, during the pendency of the action, paid the amount due upon the notes into court for the benefit of whoever might be adjudged to be the lawful holder of the same.

The cause was tried by the court and a finding and judg-

ment rendered for the appellee, as administrator, for the full amount of the notes, and that the defendant Henry L. Schmidt, and his sons and co-defendants, had no interest in, or ownership of, the notes and mortgage in suit.

The sufficiency of the evidence to sustain the finding and judgment of the court, and certain rulings in the admission and rejection of evidence, were made the causes for which a new trial was asked. This motion was overruled, as was a subsequent motion for a new trial, on the ground of newly discovered evidence. These rulings are assigned as error in this court.

. A synopsis of the evidence, so far as it is not disputed, and is deemed necessary to an understanding of the rulings of the court, is as follows:

Charles Schmidt was, during his lifetime, and prior to the 25th day of January, 1884, the owner of the real estate described in the mortgage. On that day he sold the land to the appellee Long, receiving in part payment five several promissory notes for $1,000 each, due April 1st, 1885, 1886, 1887 and 1889, respectively. On the 22d day of March, 1884, said Schmidt went to a neighbor and caused to be written, and himself signed endorsements on the back of the two notes last maturing, being the notes in suit, as follows:

"March 22, 1884.

"This note is payable to H. L. Schmidt for the benefit of his sons Henry, William and Walter; has a right to invest the same without consent of or direction of any court.

"CHARLES SCHMIDT."

Some time after this he removed to the city of Chicago, and resided there until his death. At the time the interest on the notes matured, in the years 1885 and 1886, the payee, in person, presented the notes to the maker and collected the annual interest on each note. On the 14th day of June, 1887, while on a visit to Kosciusko county, he was accidently killed at a railroad crossing. At the time of his death he had an only son, aged twenty-eight years, who had lived nearly all

his life with his mother,from whom the deceased had long been divorced. The defendant Henry L. Schmidt was the brother of the deceased, and lived in the city of Chicago. After the death of Charles Schmidt the notes and mortgage were delivered by said Henry L. Schmidt to an attorney for collection ; but, on the other hand, there was evidence from which the court may have inferred that some of the beneficiaries had been afforded an opportunity of obtaining possession of the notes after his death.

The court permitted the appellee, over the objection of appellants, to prove by Joel Long, the payor of the notes, that in January, 1887, shortly prior to the death of Charles Schmidt, the deceased was at the residence of witness in Kosciusko county when witness, not in the presence of the adverse party, asked Schmidt if he had the notes with him, stating that if he had, he, witness, would pay the interest, to which Schmidt replied that he did not have the notes with him, but had left them with his sister in Chicago.

This evidence was introduced by the administrator of Schmidt for the purpose of showing that at that time there had been no delivery of the notes to Henry L. Schmidt, but that they still remained the property of the decedent.

This evidence was of the class denounced by the law as self-serving declarations.

The general rule is that declarations by a decedent in his own favor, made in the absence of the adverse party, are incompetent when offered by his administrator. *Bristor* v. *Bristor*, 82 Ind. 276 ; *Brown* v. *Kenyon*, 108 Ind. 283. We see nothing in the evidence given that tends to take this out of the general rule,and bring it within the exceptions to the rule,where declarations may be introduced as part of the *res gestœ.*

The seventh cause for a new trial was predicated upon the admission of testimony of declarations by the deceased, show-

ing that he had at some time had trouble with his brother, Henry L.

This testimony was subject to the objection above pointed out, and in addition it was objectionable on the ground of remoteness.

The eighth cause for a new trial is the admission of the testimony of William Whistler of declarations made by deceased, about the time of the sale of the land, of his intention to pay no more taxes after the sale of his land. This is subject to the same objection of being self-serving.

The court permitted the appellee to show that on the same day the endorsements were made on the notes in suit, similar endorsements were made on certain of the other notes of the deceased, and that the deceased retained possession of these notes and collected them at or after maturity. We are satisfied that the court did not err in admitting this evidence. It had a tendency to show that the endorsements that day made were not made with the intention of transferring the notes to Henry L. Schmidt, but for some other purpose.

The making of the endorsements upon the notes not in suit, although not in issue, was so connected in time, and in the language used as to indicate that they were the effect of the same cause. The retention of the notes and receipt of the money due thereon by the deceased tended to show the intention with which the endorsements were made, not only of these particular notes, but also of those in suit.

The rule is that facts, though not in issue, which are so connected with a fact in issue as to form a part of the same transaction or subject-matter, are relevant to the fact with which they are connected; or when they are the effect of the same cause, or show the existence of a particular course of business, or the intention with which a contemporaneous act was done. Stephens Ev. (Reynolds 2d ed.), 7; 1 Wharton Ev., section 25.

Inasmuch as the conclusion at which we have arrived will

require a retrial of the cause, we have not thought it worth while to consider the ruling upon the motion for a new trial on account of newly discovered evidence, or proper to express an opinion upon the sufficiency of the evidence to sustain the judgment.

Judgment reversed with costs.

Filed Oct. 6, 1892.