[Sac. No. 1018.    Department One.—March 26, 1904.]

## H. H. CLARK, Respondent, v. SAN FRANCISCO AND SAN JOAQUIN VALLEY RAILWAY COMPANY, Appellant.

NEGLIGENCE—FIRE CAUSED ON RAILROAD RIGHT OF WAY—EXTENSION TO ADJOINING FIELD—INJURY TO HARVESTER—PLEADING—CAUSE OF ACTION—EVIDENCE.—A complaint alleging that the defendant railway company willfully, carelessly, and negligently set fire to certain grass, weeds, growing grain, and herbage on its right of way, which adjoined plaintiff's premises, and carelessly and negligently suffered the fire to extend beyond defendant's land to plaintiff's land, whereby plaintiff's harvester was injured and damaged in a specified sum, states a cause of action at common law.

ID.—PENAL PROVISION—PRAYER FOR TREBLE DAMAGES—SUFFICIENCY OF EVIDENCE—INSTRUCTION FOR VERDICT.—Where the complaint, in addition to the common-law cause of action, prayed for treble damages, under the provisions of section 3344 of the Political Code, which are penal in their nature, and must be strictly construed, the fact that the evidence was not sufficient to sustain a recovery under that section would not justify an instruction for a verdict for the defendant, where there was sufficient evidence to sustain a recovery under the common-law cause of action for the actual damage alleged.

ID.—EVIDENCE OF DAMAGE—ESTIMATE—CROSS-EXAMINATION.—Where the character and extent of the injury to the harvester were fully described by the witnesses, and expert evidence had been given to show the extent of injury, the defendant could not be injured by allowing the plaintiff to testify how much the machine was damaged, where the defendant had ample opportunity to test the plaintiff upon cross-examination as to the basis of his estimate, and did so.

ID.—VERDICT UNWARRANTED BY COMPLAINT—IMPROPER AMENDMENT— APPEAL—COSTS.—Where the verdict was for actual damage in excess of that alleged in the complaint, and there was not sufficient

evidence to warrant a recovery of the excess, it was error for the court to allow an amendment of the complaint after verdict to sustain the verdict; and the judgment will be modified on appeal at costs of the respondent to the extent of such excess.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. William O. Minor, Judge.

The facts are stated in the opinion of the court.

C. N. Sterry, T. J. Norton, Henry J. Stevens, and L. J. Maddox, for Appellant.

The court erred in the admission of testimony. A witness is not allowed to give his opinion as to the amount of damages. (1 Sutherland on Damages, 794; 1 Greenleaf on Evidence, 440; *Largan* v. *Central R. R. Co.,* 40 Cal. 272; *Fleming* v. *Albeck,* 67 Cal. 226; *Holland* v. *Zollner,* 102 Cal. 636; *Roberts* v. *New York Elevated Ry. Co.,* 128 N. Y. 455; *Jefferson* v. *New York Elevated Ry. Co.,* 132 N. Y. 483; *Bain* v. *Cushman,* 60 Vt. 343; *Burlington etc. R. R. Co.* v. *Beebee,* 14 Neb. 463; *Laing* v. *United N. J. R. R. and Cons. Co.,* 54 N. J. L. 576; *Hartley* v. *Keokuk etc. R. Co.,* 85 Iowa, 455; *St. Louis etc. Ry. Co.* v. *Jones,* 59 Ark. 105.) The court should have instructed a verdict for the defendant. Section 3344 of the Political Code is highly penal and must be strictly construed. (*Eyre* v. *Harmon,* 92 Cal. 580; *Savings and Loan Soc.* v. *McKoon,* 120 Cal. 179.) The cause of action was for negligently suffering the fire to escape, which was not proved. (Anderson's Law Dictionary, 987; *Calvin* v. *Gualala Mill Co.,* 98 Cal. 268; *Selleck* v. *Selleck,* 19 Conn. 505; *Town of Collinsville* v. *Scanland,* 58 Ill. 225; *Boyd* v. *Rice,* 38 Mich. 599; 3 Elliott on Railroads, 1229; *L. N. and C. R. Co.* v. *Ehlert,* 87 Ind. 339; *St. Louis etc. R. R. Co.* v. *Ford,* 65 Ark. 96; *L. N. A. and C. R. Co.* v. *Roberts,* 13 Ind. App. 692; *Lake Erie and M. R. Co.* v. *Miller,* 9 Ind. App. 192; *Daly* v. *St. Paul R. R. Co.,* 43 Minn. 319; *Kelsey* v. *C. and N. W. R. R. Co.,* 1 S. Dak. 80; *S. F. and N. J. Co.* v. *Pelzer Mfg. Co.,* 60 Fed. 39; *Menomee River Sash and Door Co.* v. *M. and N. R. R. Co.,* 91 Wis. 467; *Smith* v. *N. P. R. R. Co.,* 3 N. Dak. 17; *N. Y. C. and St. L. R. Co.* v. *Boltz,* 141 Ind. 661.) The complaint was improperly amended, there being no evidence to support the excess.

P. J. Hazen, for Respondent.

Under the circumstances no injury resulted from allowing the question put to the plaintiff. (*Polk* v. *Coffin,* 9 Cal. 56; *Razzo* v. *Varni,* 81 Cal. 289; Sedgwick on Damages, sec. 1293, p. 612.) The question of negligence was for the jury. (*Henry* v. *Southern Pacific R. R. Co.,* 50 Cal. 176, 177; *McDermott* v. *San Francisco etc. R. R. Co.,* 68 Cal. 33.) The complaint was properly amended. (*Hooper* v. *Wells,* 27 Cal. 11.[1])

VAN DYKE, J.—The defendant recovered damages in the sum of five hundred dollars, resulting from the burning of a harvester by a fire started on defendant's right of way, and communicated to a field of standing grain adjoining, in which the harvester was situated. The fire was set out by a hot box on one of the defendant's freight-trains near Elmdale Station in Stanislaus County. The appeal is taken from the judgment, and also from the order refusing a new trial.

The first point urged by appellant is, that the court erred in the admission of testimony in allowing the plaintiff as a witness to answer the following questions: "Q. What was the amount of the damage to that machine by that fire on that day?—A. Five hundred dollars.—Q. I should have asked you, perhaps, to be real technical, do you know how much that machine was damaged on that occasion by that fire?—A. Yes, sir, I do.—Q. How much?—A. It was damaged five hundred dollars." The objection urged is, that the questions call for the conclusion of the witness and not for facts. This may be true, but the character and extent of the injury was fully described by the witnesses, and the defendant had ample opportunity to test the witness on the cross-examination as to the basis of his estimate of the damages, and did so. One of plaintiff's witnesses in particular testified that he had worked in agricultural works for two years, building machines and helping to build them, and that he had worked with them in the field, and was driving this machine at the time, and helped to fix it up before it went into the field in the spring, and after the fire built a header for it. He noticed particularly the injury caused by the fire. The header was entirely burned off, and he knew the valuation of such machines and what it was worth before it was burned, and what it was worth after-

---

[1] 85 Am. Dec. 211, and note.

wards, and· says: "I should· judge that the damage to the machine was close between four and five hundred dollars; not less than four hundred and fifty dollars, besides the injury that was done to the separator and timbers that were burned, that were not replaced." Under the circumstances the defendant could not have been injured by the answer given to the questions referred to.

It is further contended on the part of the appellant that the court erred in refusing to instruct the jury to return a verdict for the defendant. It is said that the complaint is framed upon section 3344 of the Political Code, which reads as follows: "Every person negligently setting fire to his own woods, or negligently suffering any fire to extend beyond his own land, is liable in treble damages to the party injured," and that the charge contained in the complaint of negligently setting out a fire on defendant's premises does not make a case under the statute; that the only liability stated in the complaint under the statute is that which alleges that the defendant negligently suffered the fire to extend beyond the premises of the railroad company, and that there was no evidence to show that there was negligence in allowing the fire to communicate to plaintiff's field. The complaint in this case, however, alleges that the defendant willfully, carelessly, negligently set fire to certain grass, weeds, growing grain, and herbage on the premises of said defendant, which said premises were the adjoining land of another,—to wit, the lands on which the plaintiff's harvester stood,—as well as carelessly and negligently suffered the fire to extend beyond said defendant's land to said lands on which said harvester stood. The complaint, it will be seen, states a cause of action at common law without regard to the provisions of the Political Code referred to, which are in their nature penal, as wantonly and willfully setting fire to woods is a misdemeanor; and if there was sufficient evidence to go to the jury under the allegations of the complaint, the court properly refused to instruct the jury to return a verdict for the defendant. If by the negligence of a railroad company a fire communicated from its trains commences on the right of way or premises of one proprietor and spreads to those of another and destroys his crop or property, the latter may recover damages for the injury, if the injury was a direct consequence of the original

firing. (*Henry* v. *Southern Pacific R. R. Co.*, 50 Cal. 176; *Butcher* v. *Vaca Valley etc. R. R. Co.*, 67 Cal. 518; *McDermott* v. *San Francisco etc. R. R. Co.*, 68 Cal. 33.)   In *Henry* v. *Southern Pacific R. R. Co.*, 50 Cal. 176, the court say: "We are still confident, considering the long dry season of California and the prevalence of certain winds in our valleys, that it may be left to a jury to determine whether the spreading of a fire from one field to another is not the natural, direct, or proximate consequence of the original firing," and, in reference to negligence in the original firing, the testimony was abundantly sufficient to go to the jury.   The evidence shows that along the right of way, and some four or five feet from the railroad track, wild oats and inflammable material was growing from three to five feet high, and that the right of way was not plowed or cleared of this inflammable material. The freight-train was behind time, and running at a rapid rate in order to reach a siding at Elmdale to allow a passenger-train then due to pass.   The evidence also went to show that the box that became heated and threw out the flame was in bad condition, and the car was taken off for repairs.   It is quite immaterial whether the fire that ignites such combustible material, allowed to remain on the railroad's right of way, is caused by sparks from a locomotive or from a defective box inflaming the lubricating material and thereby causing a flame to shoot out and start the fire, as in this case.   One of the witnesses said: "I noticed as the train came along that there was a hot box blazing; when it came along by me, it was two or three feet in diameter, blazing up.   I noticed quite a little ways down the track next to the county road, the fire started right next to the railroad track, inside the fence, and then I noticed it burned right on down and go outside of the railroad ground and go into the grain, and I didn't go to the machine to help put out the fire.   I saw a man standing on the car that had the hot box; he was standing back about over the trucks of the car I should judge.   I was about two hundred yards from where the fire started.   The train slackened its speed as it approached the water-tank at Elmdale Station..   I noticed the fire spread to the machine.   I was on the county road at the crossing of the railroad track, between the place where the fire started and the station.   They had slackened or were slackening speed before they reached me, and stopped at the

station two or three or maybe five minutes. I noticed the train stopped at the station two or three minutes, maybe longer. No one went back from the train to where the fire was. I spoke to a man who was standing alongside of the train; he was dressed in overalls and a jumper, as near as I can remember, and I spoke to him, he started down the track towards the fire." The evidence was sufficient to warrant the jury in finding negligence in starting the fire, as well as negligence in allowing it to extend to the field from the railroad's right of way, and hence negligence in causing the damage complained of.

It is contended further by the appellant that the court erred in refusing to give certain instructions asked by it; but from an examination of the instructions given it will be seen that they cover all the questions involved in the case, and were as fair for the defendant as could reasonably be asked.

In the complaint as originally filed, and as it stood until after the verdict was rendered, the only allegation as to damage was, that a certain combined harvester of plaintiff was "injured and damaged in the sum of $436," and judgment was asked for treble damages,—to wit, $1,308.

The evidence was not sufficient to show a case falling within the provisions of section 3344 of the Political Code, a section which is penal in its nature, and which must be strictly construed. Under the evidence the defendant was liable only for the actual damage, which, as stated above, was alleged to be only $436.

The jury returned a verdict for $500, being $64 in excess of the amount alleged. Two days after this verdict was returned, the plaintiff asked to be allowed to amend his complaint "by changing the figures therein representing the actual damage at $436 to the sum of $500," and seven days thereafter, against the objection of defendant, the court ordered that plaintiff so amend his complaint. The motion was made "on the ground of having the complaint amended to conform to the proof and the verdict of the jury."

In allowing this amendment, we are satisfied that the trial court erred.

While before the decision of a case courts should liberally exercise the power confided to them as to amendments, in order that substantial justice may be done, a somewhat dif-

ferent question is presented where it is sought to amend after decision or verdict. We are not prepared to say that an amendment can never be made after decision or verdict, and it is not here necessary to discuss that question. But ordinarily it is certain that a defendant has a right to rely upon the plaintiff's allegations as to the amount of actual damage, and the amount asked therefor, knowing that a verdict for any amount in excess thereof will, as to such excess, be without the issues, and, in the face of reasonable and proper objection, invalid. If the plaintiff wishes to make any amendment in this regard, by increasing his demand, he should ask to do so before the case is submitted for decision, or at least before decision, in order that the defendant may have proper notice of the higher demand, and an opportunity to take such action in regard thereto as he may deem proper. He might be entirely willing to admit the damage to the amount alleged and thus recoverable against him, and ready to contest as to any larger amount. No reason is apparent here why plaintiff should not have asked for the amendment prior to the submission of the cause to the jury.

The sufficiency of the evidence to justify the verdict for five hundred dollars is not attacked by any specification, but in determining the question as to the propriety of allowing such an amendment on the ground that thereby the pleadings would be made to conform to the proof, it is proper to examine the evidence. Such an examination discloses the fact that the evidence was not such as to warrant a verdict for five hundred dollars actual damages. So that, if we assume that the court had the power to order the amendment after verdict, there was nothing in the facts of this case to warrant the exercise of that power.

We can see no useful purpose to be subserved by the granting of a new trial, but the judgment should be modified by reducing the same to the amount of $436.

The order denying the motion for a new trial is affirmed, and the cause remanded, with directions to the lower court to modify the judgment by reducing the same from five hundred dollars and costs, to $436 and costs, and when so modified, said judgment will stand affirmed. Defendant will recover its costs on this appeal.

Angellotti, J., and Shaw, J., concurred.