## UNITED STATES v. FEATHER RIVER LUMBER CO.

District Court, N. D. California, N. D. February 1, 1928.

No. 290.

1. **Negligence** ⊝�longdash134(4)—**Evidence held to show fire destroying timber was started by lumber company's engine.**

In action by United States against lumber company for damages for destruction of timber in national forest by fire, evidence *held* to show that fire was started by defendant's Shay engine, in view of testimony that it was switching at time and place fire started, notwithstanding that wind was from direction which would carry sparks away from fire.

2. **Negligence** ⊝�longdash21—**Logging railroad held negligent in not clearing right of way and in operating engines without spark arresters under conditions of fire hazard.**

In action by United States against lumber company for damages for destruction of timber in national forest by fire started by defendant's engine, defendant *held* negligent in not clearing right of way of logging railroad after warning and other fires, and in sanding out engine under conditions of fire hazards present, and in not equipping engines with spark arresters.

3. **Woods and forests** ⊝�longdash8—**Lumber company held liable for destruction of timber in national forest by fire started by company's engine, not equipped with spark arrester and sanded out under conditions of fire hazard.**

Logging company, which was negligent in not clearing right of way of logging railroad, in sanding out engine under conditions of fire hazard, and in not equipping engines with spark arresters, *held* liable to United States for actual damages by destruction of timber in national forest by fire started by defendant's engine.

4. **Woods and forests** ⊝�longdash8—**Omission to specially plead statutory double damages for destruction of timber by fire from sparks from engine precludes their recovery (Forestry Act Cal. § 18, as amended by St. Cal. 1919, p. 234).**

United States, suing lumber company for damages for destruction of timber in national

forest by fire started by sparks from defendant's engine, *held* not entitled to double damages under Forestry Act Cal. § 18 (St. Cal. 1905, p. 240, as amended by St. Cal. 1919, p. 234), where such double damages were not pleaded specially.

**5. Woods and forests** ⊛⟹8—**Government cannot recover double damages for destruction of timber by fire started by oil-burning engine under California Forestry Act (Forestry Act Cal. §§ 17, 18, as amended by St. Cal. 1919, p. 234; Pen. Code Cal. § 384).**

United States *held* not entitled to recover double damages from lumber company for destruction of timber in national forest by fire, under Forestry Act Cal. § 18 (St. Cal. 1905, p. 240, as amended by St. Cal. 1919, p. 234), where fire was started by oil-burning engine, since section 17, specifically excepting such engines, is referred to in section 18, notwithstanding that Pen. Code Cal. § 384, no longer excepts oil-burning engines.

**6. Woods and forests** ⊛⟹8—**United States, suing for destruction of timber in national forest by fire, may recover damage arising from destruction of young growth.**

In action by government against lumber company for damages for destruction of timber in national forest by fire started by defendant's engine, government is entitled to recover for damage arising out of destruction of young growth.

**7. Woods and forests** ⊛⟹8—**Reforestation cost is proper basis for computing damage by fire to timber in national forest.**

In action by United States against lumber company for destruction of timber in national forest by fire, reforestation cost is proper basis for computing loss; difference in market value of land before and after fire not being available as measure, since national forest is not marketable.

**8. Woods and forests** ⊛⟹8—**In action for destruction by fire of timber in national forest, item of damages for unmerchantable timber destroyed held objectionable.**

In action by United States against lumber company for damages for destruction of timber in national forest by fire, item of damages for unmerchantable timber destroyed, amount having been arbitrarily arrived at, is objectionable, and will be deducted from award.

**9. Trial** ⊛⟹388(1)—**Special findings denied, where court's opinion embodied view on all essential issues.**

Special findings requested by both parties *held* denied, where opinion embodied view on all essential issues. in view of fact that parties thereby preserved right to review of evidence on appeal.

At Law. Action by the United States against the Feather River Lumber Company. Judgment for plaintiff.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal., and H. P. Dechant, Asst. Sol., Dept. of Agriculture, of Washington, D. C., for the United States.

L. H. Hughes, of Quincy, Cal., and C. E. McLaughlin and McLaughlin & McLaughlin, all of Sacramento, Cal., for defendant.

KERRIGAN, District Judge. This is an action by the United States to recover damages from the Feather River Lumber Company on account of the destruction of timber in the Plumas National Forest, by a fire which started August 6, 1924. Defendant is charged with negligently setting this fire and negligently allowing it to spread.

Defendant operates a logging railroad on which it uses oil-burning logging or Shay engines, which at the time of the fire were not equipped with spark arresters. Near the point where the fire started there is a Y in the track. The crotch of this Y is near a saddle on the ridge, along which the track runs in a general north and south direction. From this ridge the slope drops down to a canyon on the east and to a draw on the west, which leads down from the crotch or pocket of the Y to a privately owned meadow. The fire was first seen backing down this draw toward the meadow. Later, the wind having increased, it swept eastward, crossing the tracks, and reached the National Forest. The plaintiff asserts that this fire was set by one of defendant's oil-burning Shay engines, which had switched at the Y shortly before the fire was started.

It appears from the evidence that the season of 1924 was a very dry one. The forest lookout on Mt. Elwell, the highest point in the vicinity, some 15 miles away, had reported two or three fires a day along defendant's right of way for approximately three months. As early as April of that year defendant had been warned to clear its right of way, which was recognized by the government to be a fire hazard. It also appears that an oil-burning Shay engine is capable of starting a fire along a right of way, especially when it is being sanded out, with the resulting shower of sparks, carbon, and fire box clinkers. In other words, there existed at the place where the fire originated a definite fire hazard, and defendant's engines were capable of and had started other fires in the same region at about that time.

With reference to the origin of this particular fire, the evidence shows that defendant operated two Shay engines over its logging road, known as No. 1 and No. 2. At about 9:30 a. m. an engine, with a string of empty cars, identified as No. 1, was switching at the Y. Various witnesses testified to seeing the heavy smoke resulting from sanding out. The forest lookout watched the en-

gine particularly, because he had reported fires along the road frequently, and waited after the train left to see the smoke disappear. In this instance, after 10 or 15 minutes, the smoke did not disappear and changed its character, and he located and reported the fire, the lower edge of which was then, by his estimate, based on the use of his instruments, 100 feet from the Y. Other witnesses testified to the fact that the fire started immediately after the train left. Many of them were not in a position to see the fire at its exact point of origin, but they establish the fact that the fire started close to the track at the Y and backed away down the draw to the west.

No member of the crew of engine No. 1 or the train hauled by it was called as witness by defendant. No fire-bearing or fire-causing agency, other than the engine, was at or near the scene of the fire at the time when it started.

[1, 2] Much stress was laid during the trial upon the fact that, even assuming all of the facts just summarized, the engine could not have set the fire, because the wind was southwesterly, and sparks or clinkers from the engine would be carried on the wind to the northeast, and away from the place where the fire started. It is true that the evidence shows that the wind on August 6, 1924, was from the southwest, and that it increased in intensity during that day, partly on account of the draft created by the fire itself. The evidence also shows, however, that in that region the early morning winds are usually light and gusty, a stronger wind rising later in the morning. This was true on the day in question. It also appears that wind is subject to sudden veers and flaws in mountain country of this type, and, further, that there is always a back draft down a draw, such as that in which the fire started, ordinarily and in this case sufficient to cause the fire to burn against the direction of the upper air currents.

[3] In view of these facts, I find that the fire was started by defendant's Shay engine No. 1. The evidence also shows negligence on the part of defendant in not clearing the right of way, especially after express warning, and other fires, in the sanding out of the engine under the conditions of fire hazard present, and, finally, in not having equipped these engines with spark arresters. On this state of the facts, defendant is liable for the actual damages claimed and proved.

[4] The prayer of the complaint asks for $177,000 damages on the theory that the government is entitled to double damages under section 16 of the Forestry Act of California. St. Cal. 1905, p. 240, amended by St. 1919, p. 234. It should be noted in this connection that the body of the complaint sets up the usual grounds for recovery for negligence, and does not plead the penal double damages specially. In view of the strictness required in pleading penal damages, this omission is in itself enough to preclude recovery of more than actual damages. Clark v. S. F. & S. J. V. R. R., 142 Cal. 614, 76 P. 507.

[5] In addition, examination of the Forestry Act shows that, even were the penal damages effectively pleaded, the government could not recover them. Section 18 gives the right to recover double damages in a civil action, where the defendant has violated the provisions of preceding sections imposing criminal liability. Among these sections is section 17 (St. 1905), penalizing the operation of engines in, through, or near forests, without spark arresters. Oil-burning engines are specifically excepted from this requirement, so that defendant in the present case did not fall within its terms. Section 17 has not been amended, and is specifically referred to in section 18. It is true that section 384, Penal Code of California, which covers the case of engines without spark arresters, no longer excepts oil-burning engines. But, in view of the strictness with which penal statutes are construed, it must be held that it is section 17, specifically referred to in section 18 of the Forestry Act, and not the parallel section of the Penal Code, which controls.

[6, 7] Turning to the actual damages proved, it should be noted that defendant introduced no evidence as to the damages, but was content merely to object to two items on questions of law. The first objection, to the sum of $12,674.24 claimed as damages for loss of young growth, computed on the basis of reforestation cost, is not tenable. The government is entitled to recover for the damage arising out of the destruction of young growth. The difference in the market value of the land before and after the fire is not available as a measure, since the National Forest is not marketable. Reforestation cost is the proper basis for computing the loss.

[8] The second item of damages objected to is one of $822.30 for unmerchantable timber destroyed, the figure having been arbitrarily arrived at. This objection is valid, and this amount will be deducted from the award. Allowing for the deduction above referred to, the damages proved amount to $39,572.33,

plus $2,003.47 expended by the government in extinguishing the fire, a total of $41,575.80, and judgment will be entered for plaintiff for this amount.

[9] Both parties have requested special findings. In view of the fact that they have thereby preserved their right to a review of the evidence on appeal, and that this opinion embodies my view upon all of the essential issues, special findings are denied.