[No. 5491.]

## JAMES McM. SHAFTER *v.* WM. EVANS.

NEGLIGENCE — TESTIMONY OF EXPERTS. — When the facts from which negligence is sought to be inferred are within the experience of all men of common education, the jury must determine the question of negligence without the aid of experts.

APPEAL from the District Court of the Seventh Judicial District, Marin County.

Action to recover damages for the killing of thirty-five head of cattle, under the following circumstances: The defendant owned a corral or cattle enclosure of about an acre of land, situated immediately on the sea-coast, in Marin County, bounded upon three sides by a fence, and upon the other by a steep bluff forty feet high, over the beach. The defendant, one evening, drove two hundred and fifty head of his own cattle into the enclosure, and found intermixed with them a number of the

plaintiff's cattle. Intending to separate them in the morning, he left them all in the corral during the night. In the morning it was found that, by reason of some unexplained cause, eighty head of the cattle, including twenty-nine head belonging to the plaintiff, had gone over the bluff and been destroyed. There was no other corral in the vicinity.

At the trial the defendant, against the plaintiff's objection, introduced several witnesses to testify as to their opinion of the safety of the corral. Judgment was rendered for the defendant, and the plaintiff appealed therefrom and from an order denying a new trial. After the appeal had been taken, the defendant died, and his legal representatives were substituted.

*James McM. Shafter*, for Appellant.

*T. H. Hanson*, for Respondent.

By the COURT:

The ultimate question in issue at the trial was, whether it was an actionable negligence in the testator of these respondents to cause the cattle of the plaintiff to be driven into the corral under the *circumstances* alleged. When those circumstances were established by proof, the ultimate fact of negligence on the one hand, or ordinary care upon the other, was a matter to be *inferred* by the jury. The ultimate fact of negligence in such a case is not one to be established by the mere opinion of witnesses called to testify. The evidence of experts is not admissible. A clear expression of this principle is found in *New England Glass Company* v. *Lovell*, 7 Cush. 321, where Chief Justice Shaw observes as follows: "In applying circumstantial evidence which does not go directly to the fact in issue, but to facts from which the fact in issue is to be inferred, the jury have two distinct duties to perform: First, to ascertain the truth of the fact to which the evidence goes, and thence to infer the truth of the fact in issue. This inference depends upon experience. When this experience is of such a nature that it may be presumed to be within the common experience of all men of common education moving in the ordinary walks of life,

there is no room for the evidence of opinion; it is for the jury
to draw the inference."

These views were subsequently adopted and applied in the
case of *White* v. *Ballou*, 8 Allen, 408, where the general ques-
tion was one of negligence in kindling a fire under certain cir-
cumstances appearing in proof.

For these reasons we are of opinion that the evidence of the
witness Parsons, and others, testifying to their opinion of the
safety of the corral, was inadmissible, and should have been ex-
cluded.

Judgment and order denying a new trial reversed, and cause
remanded for a new trial.