[L. A. No. 4526. Department One.—July 19, 1918.]

## MARY LOUISA BANDLE, Respondent, v. COMMERCIAL BANK OF LOS ANGELES (a Corporation), Appellant.

APPEAL—INFERENCES IN FAVOR OF FINDINGS.—When it is claimed in support of an appeal from a judgment that the findings on which the judgment is based are contrary to the evidence, all inferences reasonably possible from the evidence favorable to the judgment must be indulged by the appellate court.

FRAUDULENT CONVEYANCE—DEED BY HUSBAND TO WIFE—INTENT TO DE-FRAUD CREDITOR — NONPARTICIPATION BY WIFE IN FRAUDULENT INTENT.—Where property was conveyed by a husband to his wife six months before incurring a debt to a bank, and there was evidence tending to show that at the time he incurred the debt he had a fraudulent intent toward the bank with respect to the property, represented that he was the owner of it, and concealed the fact that it belonged to his wife, and obtained a loan on the faith of his representations, but there was also evidence that the wife gave full value for the conveyance, a fraudulent intent on his part was of no avail to the husband's creditors unless it was shown that the wife participated therein.

ID.—FINDINGS—CONFLICT OF EVIDENCE.—In such case a finding by the trial court that the wife was not guilty of fraudulent intent in accepting deeds from her husband and claiming the property as her own must be upheld when the evidence, as a whole, was of such character that the court might have found either way upon the question in its discretion.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, for Appellant.

G. C. De Garmo, for Respondent.

SHAW, J.—The plaintiff sued to quiet her title to two lots of land situated in Los Angeles County, against the claims of the defendant. The plaintiff derived her title to the land by deeds from her husband, Charles W. Bandle, executed on January 24, 1911.

The claim of the defendant to the land is based on a sheriff's deed under an execution sale upon a judgment in favor of the defendant against said Charles W. Bandle, the husband, entered in the superior court of the county on January 16, 1912, and on the contention that the deed by him to the plaintiff on January 24, 1911, was fraudulent and void as to his creditors.

The defendant set up this claim in its answer and also in a cross-complaint in which Charles W. Bandle is made a party to the action as a cross-defendant. The allegations of fraud and of fraudulent intent were denied, the court made its findings in favor of plaintiff and gave judgment accordingly. The defendant appeals from the judgment. The evidence is set forth in a bill of exceptions. The sole point urged in support of the appeal is that the findings to the effect that the deeds from Charles W. Bandle to his wife, the plaintiff, were for a valuable consideration and were not made with the intent to defraud the defendant or other creditors of Charles W. Bandle, are contrary to the evidence.

In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff must be indulged by this court. There was testimony to the effect that Mrs. Bandle had from time to time loaned money to her husband out of her separate estate, that on January 24, 1911, when the deeds were made, he owed her about three thousand dollars, that she then requested him to give her something for what he owed her, that he said to her that he could give her these lots, and that thereupon the deeds conveying the lots to her were executed by him as a payment upon his debts to her. This, if true, would sustain a finding that the conveyance to her was for a valuable consideration and without fraudulent intent, unless there was some evidence of intent to defraud creditors, aside from the transaction itself. The conveyance of the lots to the wife occurred about six months prior to the time when the husband became indebted to the Commercial National Bank for the debt upon which its cross-complaint is founded and upon which its claim against the property is based. There was persuasive evidence to the effect that the husband when he incurred the debt had a fraudulent intent toward the bank with respect to this property, that he represented that he was the owner thereof and concealed the fact that it belonged to his wife, and that

the loan was made on the faith of that representation. But as there was evidence tending to show that the wife gave full value for the conveyance of the lots by her husband to her, a fraudulent intent on his part is of no avail to his creditors unless it is also shown that the wife participated therein. While there are many equivocal circumstances in the evidence which might give rise to suspicion that the wife had some cause to believe that he had obtained credit from the bank by representing that he owned this property, she herself denied that she had this knowledge, and upon the whole evidence we cannot say that it is of such a character that the court was bound to believe that she was guilty of fraudulent intent in accepting the deeds from her husband and in claiming the property as her own. The finding must be upheld upon the theory that the evidence as a whole was of such a character that the question of fraudulent intent was one which the court might have found either way in its discretion, but one in which its finding cannot be overturned by this court upon appeal.

The judgment is affirmed.

Sloss, J., and Richards, J., *pro tem.*, concurred.