[Civ. No. 3397. Fourth Dist. July 15, 1946.]

FRANK T. GUTE, Respondent, v. VERNON H. HAL-STEAD, Appellant.

Luce, Forward, Lee & Kunzel for Appellant.

C. Guy Selleck, Jr., for Respondent.

MARKS, J.—This is an appeal from a judgment for $800 damages resulting from a fire which started on defendant's property and spread to the property of plaintiff destroying his cabin and the growth on the land.

The trial court found that defendant on September 22, 1944, negligently started a fire on his own property, and negligently permitted it to spread to the property of plaintiff. The sole ground of appeal is that there is no evidence of negligence of defendant supporting these findings.

Plaintiff and defendant own adjoining properties in the mountainous district of San Diego County. The countryside was covered with dry grass, leaves and other inflammable materials.

Defendant and his wife were engaged in building a tenthouse near an oak tree on their property. They had cleared the site and had raked the dry grass and other inflammable

materials from under the oak tree. There was a strong breeze blowing.

Defendant becoming tired at his labors, sat down to rest on a sawhorse which was under the edge of the oak tree, about five feet from its "drip line," and about five feet from the inflammable material which had been raked from under the tree. He rolled a cigarette and reached around and struck a "kitchen type" match on the sawhorse. When he raised the match in front of his face he saw that the head was broken off. He testified that he immediately looked around and saw that a fire had started in the dry grass; that he and his wife immediately attempted to extinguish the blaze; that they stamped on it, beat it with boards, tried to smother it with a canvas and dirt and poured water on it without any success; that the fire, driven by the wind became a conflagration and spread from defendant's property to plaintiff's.

The foregoing facts are not disputed and it is urged that there is no reasonable inference of negligence to be drawn from them to support the judgment.

The rules governing trial and appellate courts in deciding cases when there is no conflict in the evidence are set forth in *Mah See* v. *North American Accident Ins. Co.*, 190 Cal. 421 [213 P. 42, 26 A.L.R. 123], as follows:

"This court has frequently held that even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be determined by the jury (or by the trial judge where the case is tried without a jury), and that the verdict of the jury or the finding of the trial judge thereon cannot be set aside by this court on the ground that it is not sustained by the evidence (*Anderson* v. *Los Angeles Transfer Co.*, 170 Cal. 66 [148 P. 212]). In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment (*Woodard* v. *Glenwood Lumber Co.*, 171 Cal. 513, 519, 520. [153 P. 951]; *Hassell* v. *Bunge*, 167 Cal. 365, 367 [139 P. 800]). 'In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff (the prevailing party) must be indulged by this court.' (*Bandle* v. *Commercial Bank of Los Angeles*, 178 Cal. 546, 547 [174 P. 44, 45].)"

It seems to us that there are at least two reasonable infer-

ences which might be drawn from the uncontradicted evidence. These inferences are to the effect that there was negligence on the part of defendant either in starting the fire, or in discovering it promptly, or both, and that the fire could have been prevented from spreading if defendant had been vigilant. If this is true, then the judgment must be affirmed. (*Clark* v. *San Francisco etc. Ry. Co.*, 142 Cal. 614 [76 P. 507].) Thus we have reached the conclusion that the evidence justifies a reasonable inference of negligence in either instance.

The breaking of the kind of match used by defendant when being ignited on a board is not unusual, and that the head, when broken off, would fly a distance of five feet was not an unforeseeable result. Thus the striking of such a match on a board on a windy day, in close proximity to inflammable material might furnish the ground for the inference of negligence in starting the fire.

It is true that defendant and his wife both testified that the fire was discovered immediately and that they immediately made heroic but unsuccessful efforts to extinguish it. The size of the blaze when discovered, and the lack of success of their vigorous efforts to control it, may have caused the trial court to conclude that defendant and his wife were mistaken in their testimony that the fire was discovered immediately and that they immediately proceeded to try to extinguish it. The trial judge might have concluded that the fire was not immediately, or even promptly discovered, and that there were no prompt efforts to control it. When defendant saw the broken stump of the match in his hand it should have been a warning of danger and he should have anticipated the probability of fire. If he did not do this, and did not take prompt action to extinguish the fire, and thus permitted it to get such a start that it could not be controlled, the reasonable inference of negligence on his part in not acting promptly on the warning of danger is strong, points to his negligence in this respect, and supports the findings and judgment against him as this evidence presented a question of fact for the decision of the trial judge.

The judgment is affirmed.

Barnard, P. J., concurred.