[Civ. No. 7250. Third Dist. Sept. 24, 1946.]

J. M. FIRLOTTE et al., Respondents, v. N. C. JESSEE, Appellant.

Peters & Peters for Appellant.

Ware & Ware for Respondents.

PEEK, J.—The present controversy arose out of an oral agreement between plaintiff Firlotte and defendant Jessee wherein it was agreed that defendant would sell to plaintiffs for $600 the feed on 200 acres of land for the 1944 grazing season, together with the right to dispose of the same or use it as plaintiffs saw fit, reserving, however, to himself the adjoining 56 acres which, separated from the rest of the property by a narrow neck, were to be fenced off by defendant for the purpose of pasturing some of his cattle thereon. Plaintiffs went into possession and immediately put a band of ewes and lambs on the premises. After a period of 11 days the feed had been topped and the flock was temporarily removed and finished on other feed owned by plaintiffs. Approximately six weeks later plaintiffs returned and found cattle belonging to defendant grazing on the land, and all of the feed gone. Thereupon Firlotte demanded the return of a portion of the consideration which he had paid to Jessee upon the consummation of the agreement. Jessee refused his demand, and suit was filed. The trial court found for plaintiffs and entered judgment accordingly. Upon the denial of defendant's motion for a new trial, this appeal followed.

By reason of the nature of the single issue herein presented, a summary of the entire testimony of the parties does not appear to be necessary. Suffice it to say, in the words of appellant, that ''As between the testimony of the parties, there is a complete deadlock; each party contradicted the other on all salient points.''

Plaintiffs by their complaint alleged, and it likewise was contended at the trial, that their right to use or dispose of the pasturage was exclusive of any interest of defendant; that

defendant made no request for a reservation nor was it otherwise agreed that he should be allowed to pasture stock on said 200 acres; that by pasturing his cattle thereon defendant breached his contract with plaintiffs; and that said action on his part wholly destroyed the value of the pasturage to plaintiffs. Defendant by his answer admitted the making of the agreement with Firlotte, but asserted that he had reserved to himself the right to pasture cattle on said premises.

Counsel for appellant concedes it to be the rule that, where the trial court, upon substantial evidence, has resolved a question of fact, such determination will not be disturbed on appeal. Nevertheless, he contends that the conclusion of the trial court herein was reached, "at least in part," by reason of the admission of improper evidence without which "respondents' testimony would not have had the preponderance required." In addition, he urges that because of the contradictory statements of the parties "if the case were resolved upon their testimony, the preponderance required by law would not be with respondents." His argument in support of this contention is that the introduction of the attacked testimony "turned the preponderance of the evidence."

The testimony in question was given by one Frank Faniani, and was to the effect that defendant Jessee approached him in the city of Chico in the spring of 1944 with the offer to sell him the pasturage on the said 200 acres; that Jessee told him Firlotte had the refusal of it; that he told Jessee he would not look at the property then, but would do so if Firlotte did not take it; that according to his recollection the price asked was $3.00 per acre, that Jessee said nothing to him about reserving the right to pasture his cattle on the entire 200 acres but did say he desired to fence off a small piece for that purpose.

█ It is appellant's contention that, as said testimony related to an offer not made "within the presence of either respondent" and was given by a stranger to the matter in controversy, therefore "the general rule of law long established is that res inter alios acta are incompetent evidence." In support thereof he cites and relies solely upon 20 American Jurisprudence, section 302, page 280, and *Harrington* v. *Border City Mfg. Co.,* 240 Mass. 170 [132 N.E. 721, 18 A.L.R. 610].

While the text cited enunciates the general rule in accordance with appellant's contention, in the same section it is

further observed that "This rule obviously excludes evidence of all collateral facts or of those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute." In other words, any evidence which affords *any reasonable presumption or inference as to the principal fact or matter in dispute* is proper evidence. That this is the true meaning of the statement is well illustrated by the only California case cited by the text writer under said section. (*Remy* v. *Olds,* 4 Cal.Unrep. 240 [34 P. 216, 21 L.R.A. 645].) In that case one of the grounds urged for reversing the judgment was the action of the trial court in striking certain testimony as being entirely collateral and having "no bearing on the case." The reviewing court in discussing the question thus raised, stated, at page 246: "That the evidence was upon a collateral issue is not conclusive against its relevancy. The question was whether the fact it tended to establish would tend to prove or disprove the fact at issue. Evidence is relevant not only when it tends to prove or disprove the precise fact in issue, but when it tends to establish a fact from which the existence or nonexistence of the fact in issue can be directly inferred."

Additionally it is to be noted the next succeeding section of the text cited by appellant (20 Am.Jur. § 303, p. 281) states, under the heading, "Limitations on General Rule," that "Proof of the existence of other facts, the occurrence of other events, the acts or conduct upon other occasions which have a relevant and material bearing upon a fact in issue before the court are always admissible in evidence."

The case of *Moody* v. *Peirano,* 4 Cal.App. 411 [88 P. 380], is pertinent to the question raised by appellant. In that case plaintiff alleged that solely in reliance upon defendant's representation and warranty he purchased certain designated seed from defendant but that the seed was not of the variety warranted by defendant but was of another and inferior grade. At the trial a witness called by plaintiff was allowed to testify over defendant's objection that he likewise purchased seed from defendant under the same circumstances, and that the seed so purchased was of an inferior grade. On appeal defendant contended that said testimony should have been excluded under the doctrine of *res inter alios acta.* The reviewing court held that although evidence at all times is to be confined to the issues, nevertheless, "It is not necessary that it should bear *directly* upon the issue. It is admissible if it

*tends* to prove the issue, or constitutes a link in the chain of proof, although alone it might not justify a verdict in accordance with it.'' Furthermore, the court said: ''Whether the collateral fact upon which the evidence is offered is directly connected with the matter in dispute and is essential to its proper determination is by the concluding portion of the section [Code Civ. Proc., § 1868] placed within the discretion of the trial court for primary determination. Unless it can be seen that the evidence is without any weight whatever in determining the issue the action of the court in receiving it will not be reversed.''

Said portion of section 1868 of the Code of Civil Procedure, referred to in the foregoing opinion, reads as follows:

''Collateral questions must therefore be avoided. It is, however, within the discretion of the court to permit inquiry into collateral fact, when such fact is directly connected with the question in dispute, and is essential to its proper determination, or when it affects the credibility of a witness.''

■ Another case in point is *Bone* v. *Hayes*, 154 Cal. 759 [99 P. 172], which cites with approval the Moody case, *supra,* and quoting from 1 Wigmore on Evidence, section 377, states that ''While, ordinarily, evidence that a certain contract was made with A, is not admissible to show that a similar contract was made with B, it has repeatedly been held that such evidence may, in the discretion of the court, be allowed, where the circumstances indicate a strong probability that the course followed in one instance would be followed in others.''

It is the latter situation which prevails herein. ■ By reason of the circumstance that defendant's sole defense to plaintiffs' action was a question of fact relating to the claimed reservation by him of a right to use the same land for pasturage of his cattle and the circumstance that defendant also had offered the identical land to the witness Frank Faniani without such a reservation, said testimony therefore could reasonably be said to have a direct connection with the question in dispute, and to be essential to its proper determination, as well as affect the credibility of the defendant as a witness. Even if it be concluded that such testimony was collateral, said code section requires only that such issues are to be ''avoided,'' not excluded. And as said section provides that the admissibility of such testimony is addressed primarily to the sound discretion of the trial court, therefore unless it can be said that the evidence ''is without any weight whatever in deter-

mining the issue, the action of the court in receiving it will not be reversed." (*Moody* v. *Peiriano, supra,* at p. 418.)

The other authority cited by appellant (*Harrington* v. *Border City Mfg. Co., supra*) is of no benefit to the solution of the precise problem we have been discussing.

For the foregoing reasons the judgment appealed from is affirmed.

Adams, P. J., and Thompson, J., concurred.