[S. F. No. 17800. In Bank. Mar. 23, 1949.]

THE TRAVELERS INSURANCE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, JENNIE ODELLO et al., Respondents.

Leonard, Hanna & Brophy and Edmund D. Leonard for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

EDMONDS, J.—John Anthony Odello was a lead burner by trade. According to undisputed evidence, his death was immediately caused by fibrinopurulent meningitis. A claim was filed by his wife with the Industrial Accident Commission and she was awarded $6,300 upon the basis of a finding of fact, made by a referee, that Odello "sustained injury arising out of and occurring in the course of his employment, consisting of lead poisoning which proximately resulted in his death." By a writ of review, the insurer seeks to have the award annulled.

The controversy centers upon the evidence concerning meningitis and lead poisoning and their relation to each other. As stated by the physicians, meningitis is a disease caused by a variety of organisms of varying virulence. In some forms of it, total fatality is expected, regardless of the condition of the infected person; in others there may be a recovery if certain weakening conditions do not exist. Lead poisoning, that is, where lead exists free in the blood stream, may cause an anemia which facilitates the fatal effectiveness of meningitis.

The autopsy disclosed considerable deposits of lead in Odello's bones and kidneys, but, as his body had been embalmed before the examination of it, no determination could be made regarding the exact organism which caused death. Also because of the embalming, it was impossible to ascertain whether there was any lead in the blood stream at the time of death. A blood check taken at the time Odello was received in the hospital, which was just prior to his death, showed normal blood count, tending to indicate lack of anemia. However, there is also the testimony of a medical expert that this test is not conclusive since dehydration of the patient because of his illness might have caused this "normal" blood count.

The physicians who testified in regard to the cause of death were unable to state definitely that Odello had lead poisoning, but said it could not be ruled out as a possibility. At one point, Dr. Duggan, the medical expert most favorable to the applicant, declared that "there is a probability that he was suffering from lead poisoning." Under rather detailed

cross-examination, the doctor later admitted that perhaps it was merely a "possibility" and not necessarily a "probability." The symptoms related by Mrs. Odello in describing her husband's condition immediately preceding his fatal illness were interpreted by the autopsy surgeon as being those of lead poisoning. However, it appears that they could be equally classified as symptoms of meningitis in the absence of lead poisoning.

The petitioner argues that (1) inasmuch as the evidence shows at most a "possibility" of lead poisoning, the commission's finding and award is based on speculation and conjecture; and (2) the question is one controlled by opinions of experts and the commission may not substitute its judgment based on speculation where experts are unable to state an unqualified opinion. The commission's position is that the medical testimony reasonably supports an award based upon lead poisoning as the accelerating cause of Odello's death.

██ An award based solely upon evidence tending to prove only a possibility of industrial causation is conjectural and cannot be sustained. (*Brown* v. *Industrial Acc. Com.*, 44 Cal.App.2d 6, 12-13 [111 P.2d 931]; *Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 140 Cal.App. 482 [35 P.2d 366].)

██ Dr. Duggan first stated that lead poisoning of Odello was probable. Under cross-examination he said that perhaps there was only a "possibility" of such poisoning. Candor and intellectual integrity often compel an honest physician to state that his diagnosis does not rest upon scientific certainty. Reading the physician's testimony as a whole, it clearly appears that, as a scientist, in view of the impossibility of testing the blood at the autopsy, he was unwilling to state as a certainty that Odello had lead poisoning; on the other hand, in view of the evidence of lead deposits in Odello's body and the symptoms related by his wife, it was the doctor's opinion that lead poisoning could not be ruled out as a contributing cause of death. His testimony reasonably tends to support a finding of industrial causation, and the use of the word "possible" under cross-examination after his expression of opinion that the disease was probable does not require the rejection of such testimony as supporting, with other evidence, the award. Considering the testimony of Dr. Duggan as a whole, the trier of fact reasonably could find that, in the physician's opinion, Odello probably was suffering from lead poison-

ing at the time he contracted meningitis and such poisoning was a material contributing cause of death.

There being adequate medical evidence to support the challenged finding, the award is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied April 21, 1949.