[Civ. No. 14248. First Dist., Div. Two. Mar. 30, 1950.]

DONALD L. SCHOMAKER, a Minor, etc., et al., Appellants, v. JOHN DAVID PROVOO, Defendant; PATRICK CASEY, Respondent.

Hoberg & Finger and Alfred E. Graziani for Appellants.

Dana, Bledsoe & Smith and Morton B. Jackson for Respondent.

DOOLING, J.—Plaintiffs appeal from a judgment entered on a jury verdict in favor of defendant Casey. The action was for personal injuries inflicted upon the minor, Donald L. Schomaker, by an automobile driven by defendant Provoo and owned by respondent Casey. The complaint as against Casey counted on the statutory liability of the owner of an automobile who permits another to operate it (Veh. Code, § 402) and on common law negligence in entrusting the automobile to a person known to be or who should have been known to be an incompetent driver. The second claim was based upon the contention that at the time respondent Casey entrusted his automobile to Provoo the latter was intoxicated. (*Knight* v. *Gosselin*, 124 Cal.App. 290 [12 P.2d 454].)

After meeting Provoo at a social gathering at which some alcoholic beverages were admittedly consumed respondent Casey in San Francisco entrusted his car to Provoo at about 4 a. m. for the limited purpose, according to Casey's testimony, of allowing Provoo to drive a few blocks to the home of other friends where Provoo's wife was spending the night. Instead Provoo took a 70-mile drive, going over the Golden Gate Bridge to Sausalito, thence to Vallejo, around the East Bay through Oakland and returning to San Francisco by way of the Bay Bridge. The accident occurred at about 11 a. m. near the Fleishhacker Zoo in San Francisco. It was appellants' theory that the bizarre conduct of Provoo in taking such a ride without any companion during those hours of the morning would support an inference that Provoo must have been obviously intoxicated when the automobile was entrusted to him.

In an effort to rebut this inference respondent called Provoo's father who testified, over objection, that his son during the period of time in question "had been very unstable. He had reversed his opinions . . . he had seemed, well, a little unstable and irrational in some of the statements he had made in conversation that I had detected and noticed. . . ."

Appellants argue that the only logical purpose of this tes-

timony was to impeach the credibility of Provoo as a witness (Provoo having given testimony favorable to appellants) and that such impeachment was improper. (*People* v. *Mackey*, 58 Cal.App. 123 [208 P. 135].) The same objection was made in the trial court and the evidence was admitted for the limited purpose of its tendency to explain Provoo's unusual conduct in taking his 70-mile solitary ride between 4 a. m. and the time of the casualty. The trial judge said:

"I think it may have some relevancy as throwing light upon his conduct that evening. For that limited purpose I will allow it. It is claimed he was intoxicated—I believe that is the charge of the plaintiff, either directly or by implication, and this may throw light upon that claim of the plaintiff. He may answer."

There was no error in this ruling. The evidence was relevant in attempted explanation of Provoo's extraordinary conduct. "Unless it can be seen that the evidence is without any weight whatever in determining the issue the action of the court in receiving it will not be reversed.

"The tendency of modern decisions is to admit any evidence which may have a tendency to illustrate or throw any light on the transaction in controversy, or give any weight in determining the issue, leaving the strength of such tendency or the amount of such weight to be determined by the jury; and in determining the relevancy of evidence that may be offered upon an issue of fact much depends upon the nature of the issue to sustain which or against which it is offered, and a wide discretion is left to the trial judge in determining whether it is admissible or not." (*Moody* v. *Peirano*, 4 Cal.App. 411, 418 [88 P. 380] ; *Firlotte* v. *Jessee*, 76 Cal.App.2d 207, 210-211 [172 P.2d 710] ; *Estate of Ades*, 81 Cal.App.2d 334, 342 [184 P.2d 1].)

■ The court had informed counsel for appellants: "And if you offer what I regard as proper instructions limiting the purpose of the evidence now under discussion, I will be glad to consider such instructions." Appellants would have been entitled to such instruction but the record shows no such instruction requested. Their right to it was thereby waived. (*Hatfield* v. *Levy Brothers*, 18 Cal.2d 798, 809-810 [117 P.2d 841].)

■ Appellants further object that under Code of Civil Procedure, subdivision 10, section 1870, the testimony of an intimate acquaintance is limited to his opinion of absolute sanity or insanity. The rule if so applied would be unreason-

ably restricted, limiting such testimony to black and white and excluding every intervening shade of gray. The opinion of nonexpert witnesses may be given on those matters which are too subtle or too complex to permit adequate presentation in any other way (*Manney* v. *Housing Authority*, 79 Cal.App. 2d 453, 459 [180 P.2d 69]) and this is the basis of the intimate acquaintance rule in question. The dictum in *People* v. *Mackey, supra,* 58 Cal.App. 123, 128, implying the restriction asserted by appellants is supported by no citation of authority and was not necessary to the decision in that case.

■ A medical witness specializing in nervous and mental diseases was called by respondent and the fact elicited that Provoo had been his patient. Counsel for respondent then said: "Doctor, then you consider yourself his doctor? I don't wish to intrude upon the privilege between you and your patient—do you consider him still your patient in having given to you things which are privileged?"

The witness thereupon claimed the privilege. No motion to strike nor any request to instruct or admonish the jury was made by counsel for appellants. They now claim that calling the medical witness with knowledge that he would claim the privilege was misconduct. Conceding this to be true the conduct of counsel for respondent in asking the quoted questions of the witness was sufficient to put appellants' counsel on notice that respondent's attorney expected the witness to claim the privilege before calling him to the stand. In the face of this appellants' attorney took no action in the trial court where the matter could have been taken care of by striking the testimony, and by an admonition or instruction to the jury. It is too late under these circumstances to raise the question for the first time on appeal. (2 Cal.Jur. 281.)

On motion for new trial appellants' counsel filed an affidavit in which the additional fact, which might not have been apparent to counsel at the trial, was alleged on information and belief that Provoo's visits to the medical witness were not for any condition affecting his credibility. In the first place the evidence was not admitted for impeachment purposes and appellants although invited to submit an instruction on the limited purpose of this line of evidence failed to do so, as noted above. ■ Secondly an affidavit on information and belief has no evidentiary value on motion for new trial. (*Stickel* v. *San Diego Elec. Ry. Co.,* 32 Cal.2d 157, 170 [195

P.2d 418]; *Sitkei* v. *Frimel*, 85 Cal.App.2d 335, 338 [192 P.2d 820]; 1 Cal.Jur. 672-673.)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.