[Civ. No. 17020.   First Dist., Div. One.   Jan. 18, 1957.]

ANTHONY J. IGNAGNI, Plaintiff and Respondent, v. A. J. PETERS AND SON, INC. (a Corporation), Appellant; ARGONAUT INSURANCE EXCHANGE, Intervener and Respondent.

Campbell, Custer, Warburton & Britton, Frank L. Custer and W. R. Dunn for Appellant.

Harrett W. Mannina for Plaintiff and Respondent.

No appearance for Intervener and Respondent.

AGEE, J. pro tem.*—Defendant appeals from a judgment following a jury verdict in favor of plaintiff and plaintiff in intervention in a personal injury action. Plaintiff in intervention is the compensation insurance carrier for plaintiff's employer.

Plaintiff was employed as a cement finisher by the general contractor in the construction of a hospital building. Defendant was the subcontractor employed by the general contractor to do all of the plumbing and heating installation. The building was a four-story concrete building with a basement below. All of the concrete for the floors and walls had been poured prior to the accident.

Plaintiff arrived at work on August 13, 1952, at about 7:45 a. m. He went down the stairway to the east wing of the basement and placed his bucket and tools on one of the window sills. He then crossed over to the middle of the room where his boss was. The latter instructed him where to start work that morning. On the way back to get his tools and bucket, plaintiff stepped on a short piece of one-half inch pipe which was lying loose on the floor. It rolled when stepped on, causing plaintiff to fall and break his right leg. The pipe was ad-

---

*Assigned by Chairman of Judicial Council.

mitted in evidence as Exhibit One and is hereafter referred to as such.

Defendant concedes that it had the duty to exercise ordinary care for the plaintiff's safety (*Pauly* v. *King,* 44 Cal.2d 649 [284 P.2d 487]) and states that "the appeal is rested on the single contention that there is no substantial evidence on which to base an inference of defendant's responsibility for plaintiff's injuries." Defendant contends that the evidence is insufficient to support a finding that Exhibit One was left by its employees and that, assuming the contrary, it was not negligence to have done so.

On this appeal we must, of course, resolve the conflicting evidence in the light most favorable to plaintiff. No witness testified to having seen any of defendant's employees actually drop Exhibit One on the floor. However, the following rule is well settled: "Where direct and positive evidence of a fact is not available, proof may be made by means of indirect evidence, and the decision of the court may rest on reasonable inferences as well as on direct evidence." (18 Cal.Jur.2d 478.) It is also well settled that "in order to support an inference based on circumstantial evidence it is not incumbent upon the plaintiff to exclude the possibility of every other reasonable inference from the proved facts." (*Spolter* v. *Four-Wheel Brake Service Co.,* 99 Cal.App.2d 690, 694 [222 P.2d 307].)

Exhibit One was identified by several witnesses as being of the same type and size of pipe as that used by defendant in the heating installation. No one other than defendant was doing such work. The area where plaintiff fell was the same as that where, on the day before, defendant's employees had been cutting pipe. The floor in this area had been littered on that day with debris and pieces of pipe.

As against this, defendant produced its foreman, who testified that he did not recognize the trademark (a triangle) which was stamped on Exhibit One and that he had not seen any pipe so branded being used on the job. He admitted that he did not buy or inspect any of the pipe or personally install any of it. It would seem obvious that more satisfactory evidence could have been produced as to whether any pipe of the same brand as Exhibit One had been purchased for or used on the job. In any event, the testimony of this employee was not so clear, positive and uncontradicted that the jury was required to accept it. (See *Blank* v. *Coffin,* 20 Cal.2d 457 [126 P.2d 868].)

Defendant also states that Exhibit One might have come from the elevator installation. This work was done in another part of the basement at another time and there is no evidence whatever that pipe of the type in question was used in such installation.

On the day before the accident, before quitting time, defendant's employees cleaned up their work site in the basement and moved their equipment elsewhere. Plaintiff and several other witnesses testified that when they came to work the next morning the basement floor in this area appeared to have been swept and to be clean and free of any debris or pieces of pipe. Plaintiff only found out that this was not so when he stepped on Exhibit One and fell.

We conclude that the jury could reasonably have inferred that Exhibit One had been negligently left by defendant's employees.

■ Defendant next argues that it cannot be held to be guilty of negligence unless the plaintiff is held to be guilty of contributory negligence because the omission of each was the failure to see the object in question on the floor. The fallacy of this argument is that while both parties were required to exercise the same degree of care, i.e., ordinary care, the amount of care which each was required to exercise would vary with their respective positions. Defendant undertook to clean up its work site in the basement when its work there was finished. It doing so, its employees' attention was specifically directed to the pieces of pipe and other debris on the floor. Under the circumstances, the leaving or overlooking of an object such as Exhibit One might reasonably be held to be a want of ordinary care. In effect it created a trap for those, such as plaintiff, who were still working in the basement. Plaintiff had seen the floor littered up on the day before his accident and when he saw it the next morning it appeared to have been cleaned up and all debris and pipe removed. Plaintiff could well have been lulled into believing that the floor was clear and unobstructed. There was no artificial lighting in the basement but natural lighting came in through the window openings. Plaintiff was walking toward such an opening at the time he fell and his attention was mainly occupied with getting his tools and starting to work. His failure to see Exhibit One was under entirely different circumstances than those confronting defendant's employees, who *knew* that pieces of pipe such as Exhibit One

were on the floor and that it was their purpose and duty to remove them.

We conclude that the jury's implied finding that defendant was negligent did not require it to find that plaintiff was also negligent.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied February 15, 1957, and appellant's petition for a hearing by the Supreme Court was denied March 13, 1957.